**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

LOUIS HARRINGTON
ADC # 96313                                                                                             PLAINTIFF


V.                                          1:08CV00068 BSM/HDY


MARVIN EVANS, Warden, North Central Unit,
Arkansas Department of Correction; and TINA
BRANSCUM, Officer, North Central Unit,
Arkansas Department of Correction                                                          DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this action, *pro se*, raising claims related to an allegedly false disciplinary conviction. Because he has not stated a violation of his constitutional rights, the Court recommends that Plaintiff's cause of action be dismissed, for failure to state a claim.

### **I. Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II. Facts of Plaintiff's Claims

Plaintiff states that on, June 20, 2008, Defendant Branscum wrote him a false disciplinary for masturbating in the shower after he spied her watching him wash himself. He was placed in isolation pending disciplinary court review, found guilty of the charge, and sentenced to thirty days in segregation isolation and dropped to Class 4. Plaintiff adds that he appealed the conviction to Defendant Warden Evans on June 23rd, indicating he was serving punitive time, but Defendant Evans failed to complete his appeal within the required ten days. Since his release from isolation, Plaintiff has been "harassed" by Defendant Branscum and her unidentified "friends" that work at the unit and he claims to be "in fear of my life at this unit."

### III.  Analysis

**A.  False Disciplinary**

The filing of a false disciplinary charge is not itself actionable under § 1983. *Dixon v. Brown*, 38 F.3d 379 (8th Cir.1994). To sustain a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination of the disciplinary action prior to bringing suit. *Id*.  In this case, according to Plaintiff's own statement of the facts, his disciplinary conviction was not overturned on appeal, and he has offered no argument or evidence that he has pursued an appeal through the state courts.

**B.  Due Process**

To prevail on a due process claim, Plaintiff must demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  Based on Plaintiff's allegations, the only cognizable deprivation is a potential liberty interest.  Plaintiff's due process claim is based on the alleged violation of prison policy regarding the timeliness of the Defendant Evans' appeal review.  Unfortunately for Plaintiff, however, there is no federal constitutional liberty interest in having state officers follow state law or procedure. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir.1996)(*citing Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983)).

Nor can Plaintiff show a right to due process of law through a liberty interest adversely affected by the disciplinary conviction.  There is no liberty interest in maintaining a classification level. *See Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005)(unpublished opinion)(holding that inmate does not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir.2003)(unpub. *per*

*curiam*)(no liberty interests in particular classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir.1994)(stating that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir.1990)(Arkansas Department of Correction inmate has no right to consideration of Class I status); and *Strickland v. Dyer*, 628 F.Supp.180, 181 (E.D.Ark.1986)(because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).

Similarly, the Eighth Circuit has consistently held that placement in administrative and disciplinary segregation - and the temporary loss of certain privileges while confined there - are not the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995).[1] Liberty interests arising from state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin, supra*, at 487. Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights. For this reason, Plaintiff's claim regarding his thirty day assignment to punitive isolation fails. Plaintiff must have suffered a restraint of liberty when he was assigned to punitive isolation in order to state a claim. He bears the burden of proving that the restraint imposed is an "atypical and significant hardship in relation to the ordinary incidents of

---

[1] In *Sandin*, the Court held that a prisoner has a due process liberty interest at stake only if the punishment results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

prison life." *Sandin*, supra. The Eighth Circuit has consistently held that administrative and disciplinary segregation, even without cause, are generally not atypical and significant hardships. *See Phillips, supra* at 847(thirty-six day stay in isolation after charges were dropped was not an atypical and significant hardship); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir.2002); *Kennedy,* 100 F.3d at 642. In *Kennedy*, the Court specifically stated "transfer from administrative segregation to punitive isolation [is] not a 'dramatic departure from the basic conditions' of [an inmate's] confinement and thus does not constitute 'the type of atypical significant deprivation in which a state might conceivably create a liberty interest.' " *See id.* at 643 (*quoting Sandin,* 515 U.S. at 484). *See, e.g., Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir.1996)(holding that 45 days in administrative segregation for a disciplinary charge that was later reversed did not satisfy the *Sandin* standard); *Hemphill v. Delo*, Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997)(unpublished decision)(finding that 4 days of lockdown, 30 days in disciplinary segregation, and 290 days in administrative segregation did not satisfy the *Sandin* standard); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997)(unpublished decision)(finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard).

Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights

**C. Harassment**

Lastly, Plaintiff's claims of "harassment" and fear, caused by Defendant Branscum and non-parties, are not cognizable as civil rights violations. Verbal abuse and mere threatening language by prison officials does not amount to a § 1983 claim. *See McDowell v. Jones*, 990 F.2d 433, 434

(8th Cir.1993)(holding that verbal harassment, threats, and name calling are not actionable under § 1983). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir.1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1338-1339 (8th Cir. 1993)(being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension).

Plaintiff has not alleged a single instance of injury as a result of the alleged actions by the defendants. Pursuant to a provision of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e), no federal civil action may be brought by a prisoner for mental or emotional injury, without an accompanying physical injury. Plaintiff's Complaint describes only injury causing him mental and emotional stress. "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir.1997).

### III. Conclusion

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED WITH PREJUDICE, and any pending motions be denied as moot;

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this   12   day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."